## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**L.J. DANOS, III**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO. 21-1773**

**LAFOURCHE PARISH, ET AL.**                              **SECTION "I"(4)**

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 12) filed by CorrectHealth Lafourche, LLC, ("CorrectHealth") on behalf of the improperly named defendant Lafourche Parish Medical Department, seeking dismissal of plaintiff L.J. Danos, III's complaint. The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual Background

Danos was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. ECF No. 1, at 3, ¶ III(A). Danos named as defendants Lafourche Parish and Lafourche Parish Medical Department at LPCC. *Id.* at 4,¶III(B)-(C).

Danos alleged that on August 24, 2021, he was treated in the Thibodeaux Regional Hospital for withdrawal symptoms from heroin and methadone use. *Id.*, ¶IV. He claims that the hospital doctor prescribed him 120mg of oral methadone as a life saving measure to stop the detox seizures he was having from withdrawals. He further claims that the methadone prescription was sent to

LPCC, where he was taken after spending 8 or 9 days in the hospital. Danos asserts that the LPCC medical personnel refused to give him the prescribed medication which caused him to continue having seizures. *Id*. at 5. He claims he was placed in a sally-port holding cell where he was sick for five days. During that time, he could not eat and did not know where he was or that he was even in a jail. Despite this allegation, he also claims that during that time, he was not observed by medical personnel, which demonstrates negligent care on their part. After five days passed, he was taken out of the cell and apparently brought to the hospital, where a doctor told him that his rights were violated because he was not getting the prescribed medication.

As relief, Danos would like a new medical department in place in Lafourche Parish and to press criminal charges against "the head authorities on this situation." *Id.* at 6, ¶V. He also seeks compensation of $1 million for pain, suffering, negligence, gross negligence, indifference to his medical needs and humanity, intentional emotional distress, malfeasance, and malpractice. *Id*.

## II.   **Standards of Review**

### A.   **Statutory Frivolousness Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

2

1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**B.    Motions Under Fed. R. Civ. P. 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it fails to state a claim upon which relief may be granted.  To survive a motion to dismiss, the plaintiff must plead in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

To determine whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*.

The United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the court must employ less stringent standards while still guided by the *Iqbal* pleading requirements. *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. Jun. 12, 2019). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In *Taylor v. Gibson*, 529 F.2d 709 (5th Cir.1976), the Court further explained this standard in the prisoner context:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light.

4

*Id.*, 529 F.2d at 713-14.  Because of this, before dismissing a prisoner complaint under Rule 12(b)(6), a district court ordinarily should give the *pro se* litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

III.   **Frivolousness Review**

    A.   **Claims against Lafourche Parish**

       Danos named Lafourche Parish as a defendant as the "overseer of medical operations" at LPCC.  However, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory[.]'"  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 611, 691 (1978)).  "There is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'"  *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691)); *Burge*, 187 F.3d at 470 (quoting *Monell*, 436 U.S. at 691); *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell*, 436 U.S. at 694).  To assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."  *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

       Danos has not alleged or identified any parish policy that caused him harm or injury much less one that violated a constitutional right.  Lafourche Parish cannot be held vicariously liable for events in the prison without a specific parish policy having caused plaintiff a constitutional harm.

Furthermore, Lafourche Parish government is not the "overseer" of the day-to-day administration or medical care provided at LPCC as Danos seems to believe.  In Louisiana, the Parish government has *no* authority over the general or daily management of the jail.  *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998).  Instead, under Louisiana law, the Parish government is only responsible for the financing and physical maintenance of the jail building.[1]  With specific regard to the medical care provider, the Parish government's "sole responsibility shall be . . . its contractual obligations with [the] health care provider," and *not* how the medical care is administered.  La. Stat. Ann. § 15:703(D); *accord Belcher v. Lopinto*, No. 18-7368, 2020 WL 5891583, at 5 (E.D. La. Oct. 5, 2020) (under Louisiana law, a parish government is not policy maker for the prison and had no duty to monitor or verify the performance of medical services it contracted with for the jail).

For these reasons, Danos has failed to state a non-frivolous claim against Lafourche Parish. His claims against the Parish should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

### B.    Claims Against Lafourche Parish Medical Department

Danos named the Lafourche Parish Medical Department at LPCC as a defendant.[2]  The medical department at LPCC itself is not a suable entity under § 1983.  "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are

---

[1] *See* La. Stat. Ann. § 15:304 ("All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."); La. Stat. Ann. § 15:702 ("The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."); La. Stat. Ann. § 33:4715 ("The police jury of each parish shall provide . . . a good and sufficient jail . . ."); *see also* La. Stat. Ann. § 15:703 (re contracts with medical care providers for parish jails).

[2] CorrectHealth, a party not named, has prematurely filed a motion on behalf of this named entity before the Court could complete the statutorily mandated frivolousness review.  That fact does not alter this Court's frivolousness review with respect to the allegedly "misidentified" defendant.

not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted).[3]  Instead, a § 1983 action must be filed against an actual identified person, not a department or general staff group at the jail. *See Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named).

Even if Danos had named CorrectHealth as the medical provider at LPCC, his claims would be no less frivolous.  CorrectHealth, as a private provider of medical care on behalf of the prison officials, cannot be held liable under § 1983 for actions of their subordinates or employees on a theory of *respondeat superior*.  *Monell*, 436 U.S. at 694; *see Phoenix v. Lafourche Parish Govt.*, No. 19-13004, 2020 WL 3269114, at *8 (E.D. La. Jun. 17, 2020).  CorrectHealth is a private entity that acts under color of state law in contracting with the municipality to provide medical services to prisoners at LPCC.  *See Phoenix*, 2020 WL 3269114, at *13; *Grandpre v. CorrectHealth*, No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016) ("The Court first recognizes that CorrectHealth is the private corporation contracted to operate the medical services within JPCC,

---

[3] *See*, *Smith*, 2021 WL 4975698, at *2 ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."); *Brewin v. St. Tammany Par. Corr. Ctr.*, No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) (§ 1983 action against the prison medical department dismissed because the department is not an independent entity capable of being a party to a lawsuit); *Jiles v. Orleans Par. Prison Med. Clinic*, No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued"); *see also*, *Jones*, 4 F. Supp. 2d at 613 ("A parish jail is not [a suable] entity, but a building").

and the company and its employees are subject to liability as state actors under § 1983."), *report and recommendation adopted by* 2016 WL 4987265 (E.D. La. Sept. 19, 2016); *Shadrick v. Hopkins County, Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983."); *accord Watson v. Jefferson Parish Corr. Ctr.*, No. 19-0911, 2019 WL 1318198, at *2 n.3 (E.D. La. Mar. 6, 2019), *report and recommendation adopted by* 2019 WL 1316400, at *1 (E.D. La. Mar. 22, 2019) (citing *Grandpre*).  For purposes of § 1983, CorrectHealth is treated as a municipality or parish for purposes of § 1983 claims.  *Id*.  Thus, a plaintiff must establish a basis for the entity's liability under § 1983 based on policy.

In this case, CorrectHealth could be liable under § 1983 if a violation of Danos's right to adequate medical care was the result of the implementation or execution of an unconstitutional CorrectHealth policy, directive, or custom.  *Monell*, 436 U.S. at 663 & 690-91; *see Bowen v. Watkins*, 669 F.2d 979, 989 (5th Cir. 1982) (a municipality is liable under *Monell* only if constitutional tort results from the execution of a policy or custom of the municipality).  Danos has not alleged that any such policy or custom was involved in the alleged failure to provide him with hospital doctor's prescribed medication or failure to monitor his medical condition.  Danos presents no such allegation or basis of liability against CorrectHealth as the provider of medical personnel at LPCC.  His complaint, therefore, is insufficient to state a claim against CorrectHealth under § 1983.  Danos's claims against CorrectHealth, if any, as the medical provider are frivolous.

Accordingly, Danos's claims against the Lafourche Parish Medical Department and/or CorrectHealth Lafourche, LLC, should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

C.     <u>**References to Habeas Corpus and Mandamus on the Complaint**</u>

Danos added the handwritten notations "Writ of Habeas Corpus" and "Writ of Mandamus" at the top of the first page of his complaint. ECF No. 1, at 1. However, to the extent that he is requesting those forms of relief, they are unavailable in this § 1983 action.

As an initial matter, the request for habeas relief is not proper where Danos has asserted no allegation or claim entitling him to that relief in this medical indifference complaint. He also has made "no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983." *Smith v. Lafourche Parish*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 29, 2021), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); accord *Lerille v. Lafourche Parish*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 29, 2021), *report and recommendation adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021). More importantly, the Fifth Circuit has held that because habeas corpus "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement," habeas relief "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzales*, 985 F.3d 1069, 1070 (5th Cir. 2021) (emphasis added; quotation marks omitted), *cert. denied*, 142 S. Ct. 216 (2021). Danos here is not challenging the underlying cause for his detention. Even if he intended to do so, he would have to pursue his relief through a properly filed habeas corpus petition, not under § 1983.

Similarly, mandamus relief under § 1983 would likewise be inappropriate against any of the named defendants for the following reasons. First, the federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the federal government. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to state or

parish officials. *See, e.g., Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Shirley v. Starkey*, No. 10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), *report and recommendation adopted by* 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011).

Furthermore, although a federal court may grant a writ of mandamus directed to federal authorities, there are still limitations on that authority. For example, "[m]andamus is only appropriate when the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review discretionary acts of agency officials." *Wolcott v. Sibelius*, 635 F.3d 757, 768 (5th Cir. 2011) (emphasis added; quotation marks omitted).

For those reasons, neither habeas corpus relief nor mandamus relief against these defendants would be appropriate in this context. *See Smith*, 2021 WL 4975698, at *3; *Lerille*, 2021 WL 4975754, at *3. Danos again has asserted a request for relief that cannot be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A.

## D.    State Law Tort Claims

Danos alleges that the medical personnel at LPCC acted negligently in monitoring and handling his medical care. He seeks monetary relief related to their alleged negligence, gross negligence, intentional infliction of emotional distress, malfeasance, and malpractice. However, claims based on negligence and these other tortious acts are not sufficient to state a § 1983 claim. *See Estelle*, 429 U.S. at 106; *Gibson v. Collier*, 920 F.3d 212, 219-20 (5th Cir. 2019). To the extent Danos intended to assert these tort claims under state law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

10

For the reasons above, Danos's § 1983 claims should be dismissed and no basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint. Therefore, the Court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[4] the Court should decline to exercise jurisdiction and dismiss without prejudice the state law tort or negligence claims.

## IV.    Defendant's Motion to Dismiss (ECF No. 12)

For the reasons provided in this Report, Danos's § 1983 claims are frivolous and otherwise fail to state a claim for which relief can be granted under § 1983. In addition, the Court has no reason to exercise jurisdiction over Danos's state law claims. Thus, CorrectHealth's motion, filed before the Court could complete its statutorily required frivolousness review, is rendered moot by the findings and recommendations in this Report. CorrectHealth's motion should be denied without prejudice for this reason.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff L.J. Danos, III's 42 U.S.C. § 1983 claims against defendants Lafourche Parish and Lafourche Parish Medical Department, otherwise appearing as CorrectHealth Lafourche, LLC, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

---

[4] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

It is further **RECOMMENDED** that Danos's state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

It is further **RECOMMENDED** that CorrectHealth Lafourche, LLC's Motion to Dismiss (ECF No. 12) be **DENIED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this _____ day of May, 2022.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.